415-20/TMC/EJM
Thomas M. Canevari, Esq.
Eric J. Matheson, Esq.
Freehill, Hogan & Mahar LLP
*Attorneys for Defendants*
*AET Inc. Ltd., in personam and the*
*MV EAGLE TURIN, in rem*
80 Pine Street
New York, New York 10005
(212) 425-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERIN F. MURRAY as Executrix and
Personal Representative of the
Estate of TIMOTHY M. MURRAY,

                      Plaintiff(s),

    -against-

AET INC. LTD. *in personam* and the
MV EAGLE TURIN, *in rem*,

                      Defendant(s).

    -against-

United New York Sandy Hook Pilots Association;
United New Jersey Sandy Hook Pilots Association;
United New Jersey Sandy Hook Benevolent Association; United New York Sandy Hook Benevolent Association; Pilot vessel NEW JERSEY *in rem*, Pilot Launch AMERICA *in rem*,

                  Third Party Defendants.

-----------------------------------------------------------X

Civil No.  1:21 Civ. 03360 (TMR)

**DEFENDANT'S VERIFIED THIRD PARTY COMPLAINT AGAINST SANDY HOOK PILOTS ASSOCIATION PURSUANT TO FED.R.CIV.P. 14(c)**

Defendant and Third Party Plaintiff, AET INC. LTD., by and through its attorneys, Freehill, Hogan & Mahar, LLP, as and for its Verified Amended Third Party Complaint against United New York Sandy Hook Pilots Association; United New Jersey Sandy Hook Pilots Association; United New Jersey Sandy Hook Benevolent Association; United New York Sandy

582333.1

Hook Benevolent Association; Pilot vessel NEW JERSEY *in rem* her engines, tackle and equipment, Pilot Launch AMERICA *in rem* her engines, tackle and equipment, (collectively "SANDY HOOK PILOTS ASSOCIATION" or "SHPA") pursuant to Fed. R. Civ. P. 14(c), alleges upon information and belief as follows:

## JURISDICTION AND PARTIES

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty jurisdiction of this court pursuant to 28 U.S.C. § 1333.

2.  Plaintiff, Erin F. Murray, as Executrix and Personal Representative of the Estate of Timothy Murray, is a citizen of the State of New York and alleges in her Amended Verified Complaint that she was the lawful wife of the Decedent Timothy Murray at the time of his death on August 5, 2020.

3.  Defendant, and Third-Party Plaintiff AET INC. LTD. (referred to herein as "AET") is a foreign corporation duly organized and existing under the laws of foreign corporation formed under the laws of Bermuda with its registered office in Bermuda and a business office located at 1900 West Loop South, Suite 920, Houston, Texas 77027.

4.  AET had an ownership interest in the vessel MV EAGLE TURIN (IMO 9360465) and commercially managed the vessel on August 5, 2020 when Timothy Murray fell while boarding the vessel, and on August 31, 2020 when the Letter of Undertaking was issued, but AET no longer has any ownership interest in the vessel.

5.  AET has provided Plaintiff with a Letter of Undertaking in exchange for which Plaintiff waived the right to arrest the MV EAGLE TURIN, as a result of which no *in rem* claim now exists against the MV EAGLE TURIN.

6. The United New York Sandy Hook Pilots' Benevolent Association, Inc. is organized and existing as an unincorporated association under New York law, with its office and place of business at 201 Edgewater Street, Staten Island, NY 10305.

7. The United New Jersey Sandy Hook Pilots' Benevolent Association, Inc. is organized and existing as an unincorporated association under New Jersey law, with its office and place of business at 201 Edgewater Street, Staten Island, NY 10305.

8. The United New Jersey Sandy Hook Pilots' Association, Inc., a corporation organized and existing under New Jersey law with its office and place of business at 201 Edgewater Street, Staten Island, NY 10305.

9. The United New York Sandy Hook Pilots' Association, Inc., a corporation organized and existing under New York law with its office and place of business at 201 Edgewater Street, Staten Island, NY 10305.

10. The United New York Sandy Hook Pilots Association; United New Jersey Sandy Hook Pilots Association; United New Jersey Sandy Hook Benevolent Association; and United New York Sandy Hook Benevolent Association are governed and controlled by a common Executive Committee and Finance Committee.

11. The United New York Sandy Hook Pilots Association; United New Jersey Sandy Hook Pilots Association; United New Jersey Sandy Hook Benevolent Association; and United New York Sandy Hook Benevolent Association share employees, agents, servants, and contractors between and among them.

12. The United New York Sandy Hook Pilots Association; United New Jersey Sandy Hook Pilots Association; United New Jersey Sandy Hook Benevolent Association; and United

New York Sandy Hook Benevolent Association are governed by common and agreed management documents.

13. The United New York Sandy Hook Pilots Association; United New Jersey Sandy Hook Pilots Association; United New Jersey Sandy Hook Benevolent Association; and United New York Sandy Hook Benevolent Association share common revenue and expenses, some of which are received and/or paid without regard to any corporate separateness between and/or among the various entities.

14. The United New York Sandy Hook Pilots Association; United New Jersey Sandy Hook Pilots Association; United New Jersey Sandy Hook Benevolent Association; and/or United New York Sandy Hook Benevolent Association regulate and control an individual pilot's ability to perform pilotage services pursuant to SHPA's own rules and regulations.

15. The United New York Sandy Hook Pilots Association; United New Jersey Sandy Hook Pilots Association; United New Jersey Sandy Hook Benevolent Association; and United New York Sandy Hook Benevolent Association regulate a pilot's medical fitness to perform pilotage duties under some circumstances, including returning to work after injury or illness.

16. Neither New York State Law nor New Jersey State Law place any restrictions on The United New York Sandy Hook Pilots Association; United New Jersey Sandy Hook Pilots Association; United New Jersey Sandy Hook Benevolent Association; and United New York Sandy Hook Benevolent Association in their ability to impose rules and regulations for the health and safety of the pilots, employees, agents, and/or members of SHPA.

17. The pilot vessel NEW JERSEY is a commercial vessel owned and operated by SHPA which provides a pilot station and seaward base of operations for providing services and at all relevant times herein was or is within the jurisdiction of this court.

18. The pilot launch AMERICA is a commercial vessel owned and operated by SHPA which carries pilots to and from the ships for which the pilots are providing services and at all relevant times herein was or is within the jurisdiction of this court.

## PLAINTIFF'S COMPLAINT

19. This Third-Party Complaint arises out of a Second Verified Amended Complaint filed by Plaintiff in this court claiming damages from Defendant-Third Party Plaintiff AET and the MV EAGLE TURIN. The Second Verified Amended Complaint is attached as **Exhibit A**.

20. AET has answered the Second Verified Amended Complaint as above.

21. According to the Second Verified Amended Complaint, on or about August 5, 2020, Plaintiff's decedent, Timothy F. Murray, was a pilot and member of the SHPA.

22. As a member of the SHPA, he was placed in a rotation of pilots who waited their turn for bringing ships into or out of the New York/New Jersey Harbor. The SHPA designated that rotation and the ships entering and departing the harbor had no right or privilege to designate a pilot of their choice. Ships were required to accept the pilot nominated by the Sandy Hook Pilots Association.

23. On August 5, 2020, Plaintiff's decedent, Timothy Murray, was nominated by the SHPA to provide pilotage services to the MV EAGLE TURIN which was arriving in New York Harbor via Ambrose Light to be boarded by Timothy Murray at or near the location of the vessel M/V NEW JERSEY, in the vicinity of the designated pilot station for boarding ships about seven miles off the New Jersey and New York coasts. That location falls within the definition of "high seas" under the Death on High Seas Act, 46 U.S.C. § 30301 et. seq.

582333.1

24. The M/V AMERICA carried Pilot Murray to meet the MV EAGLE TURIN near the pilot station. The boarding arrangement, familiar to all of the Sandy Hook pilots, was a Jacobs ladder connected to the vessel's starboard side.

25. The M/V AMERICA approached and came alongside the MV EAGLE TURIN in order to allow Pilot Murray to access the pilot ladder. Pilot Murray climbed the pilot ladder, but as he climbed, the M/V AMERICA maintained its position directly below Pilot Murray.

26. Before any part of Pilot Murray reached the height of the deck edge of the MV EAGLE TURIN, he fell from the pilot ladder onto the M/V AMERICA without any fault on the part of AET or the MV EAGLE TURIN.

27. A later autopsy of Pilot Murray disclosed that he was morbidly obese with a BMI of 40.7, steatosis of the liver, which was enlarged and fatty, he was suffering from hypertensive and atherosclerotic cardiovascular disease, had an enlarged heart, atherosclerosis of left anterior descending coronary artery with 60% blockage, and an adrenal gland cortical adenoma.

28. The autopsy also revealed the Pilot Murray had contracted and tested positive for Coronavirus COVID-19.

29. Plaintiff, Erin F. Murray, alleging that she was the lawful wife of decedent Timothy Murray, brought this lawsuit against AET claiming negligence on the part of AET and unseaworthiness on the part of the MV EAGLE TURIN in causing Pilot Murray to fall and sustain his fatal injuries.

30. AET denies any negligence on its part and on behalf of the MV EAGLE TURIN, denies that the MV EAGLE TURIN was unseaworthy at any relevant time in this matter.

## **FIRST CAUSE OF ACTION**

31. AET repeats and realleges each and every allegation contained in paragraphs 1 to 31 above with the same force and effect as if fully set forth herein.

32. The SHPA had a legal duty, to those shipowners and charterers who use SHPA's services to use reasonable care in providing to ships entering into and departing from the New York/New Jersey Harbor pilots who were competent and physically fit to render pilot services to those vessels which included the pilots' ability to board those vessels in open waters.

33. The Sandy Hook Pilots Association was on notice of Pilot Murray's medical condition and was negligent, reckless and in violation of their legal duty to the MV EAGLE TURIN and AET by failing to prevent Pilot Murray from working as a pilot due to his medical condition.

34. Pilot Murray was negligently nominated by Sandy Hook to provide pilotage services to the MV EAGLE TURIN but was unfit for performing as a pilot on ships and such negligence of the Sandy Hook Pilots Association was the proximate cause of his fatal injuries.

35. While denying any liability for damages to Plaintiff resulting from the death of the decedent, if the Plaintiff is entitled to damages and AET is held liable or caused to make payment for such, the decedent's death resulted in whole or in part from the, negligence, gross negligence and/or lack of care or other wrongful act on the part of the SHPA, or their agents, employees or subcontractors.

36. As a result of the foregoing, AET is entitled to contribution and/or indemnity from SHPA for any loss or damage which AET may sustain in this matter together with reasonable attorney's fees and expenses.

**SECOND CAUSE OF ACTION**

37.     AET repeats and realleges each and every allegation contained in paragraphs 1 to 36 above with the same force and effect as if fully set forth herein.

38.     The SHPA had a legal duty, to those shipowners and charterers who use SHPA's services to use reasonable care in providing to ships entering into and departing from the New York/New Jersey Harbor pilots who were medically fit to render pilot services to those vessels which included the pilots' being negative for COVID 19.

39.     The Sandy Hook Pilots Association was or should have been on notice that Pilot Murray had contracted COVID-19 and was negligent, reckless and in violation of their legal duty to the MV EAGLE TURIN and AET by failing to prevent Pilot Murray from working as a pilot due to his condition as having COVID-19.

40.     SHPA was or should have been aware of the unique risks created by COVID 19 to its pilots, to the vessels it serviced, particularly in August of 2020.  SHPA failed to implement any effective medical screenings for pilots and any best practices to mitigate or prevent the spread of COVID-19 or to assess and take action to mitigate against the risks of performing pilotage services while infected with COVID-19. SHPA did not effectively alter its policies, procedures, or protocols, nor provide vessels it serviced with notice that the pilot it was sending to the vessel had contracted COVID-19.

41.     AET would have rejected any pilot nominated to the vessel MV EAGLE TURIN who had been exposed to and/or had an active case of COVID-19 in August of 2020.

42.     Pilot Murray having COVID-19 posed a risk to SHPA employees, agents, contractors, members, pilots, boat crews, ship crews, shoreside persons, and to the crew of the MV EAGLE TURIN to exposure to COVID-19.

43. Pilot Murray having COVID-19 posed a risk to himself, particularly in light of extensive pre-existing conditions, and SHPA was negligent in failing to timely and properly assess Pilot Murray before sending him to work and to board the MV EAGLE TURIN on August 5, 2020.

44. Pilot Murray was negligently nominated by Sandy Hook to provide pilotage services to the MV EAGLE TURIN but was unfit for performing as a pilot on ships due to having COVID-19 and such negligence of the Sandy Hook Pilots Association was the proximate cause of his fatal injuries.

45. While denying any liability for damages to Plaintiff resulting from the death of the decedent, if the Plaintiff is entitled to damages and AET is held liable or caused to make payment for such, the decedent's death resulted in whole or in part from the, negligence, gross negligence and/or lack of care or other wrongful act on the part of the SHPA, or their agents, employees or subcontractors.

46. As a result of the foregoing, AET is entitled to contribution and/or indemnity from SHPA for any loss or damage which AET may sustain in this matter together with reasonable attorney's fees and expenses.

## THIRD CAUSE OF ACTION

47. AET repeats and realleges each and every allegation contained in paragraphs 1 to 46 above with the same force and effect as if fully set forth herein.

48. As owner and operator of the M/V NEW JERSEY and M/V AMERICA, the SHPA had a duty to Pilot Murray and other pilots to provide a safe place in which to board ships at the pilot station in Ambrose Channel safely and to prevent any serious injury to pilots who might fall from the pilot ladder.

49. The SHPA failed in complying with its legal duty to its pilots by failing to adopt procedures which would provide for a falling pilot to land in the water and not on the deck of the pilot boat, or such other procedures, means, training, or equipment to prevent, reduce, or mitigate against the risks of fall based injuries. SHPA knew or should have known of such risks by virtue of previous fall based injuries to pilots. Such negligence was a proximate cause of Pilot Murray's death.

50. While denying any liability for damages to Plaintiff resulting from the death of the decedent, if the Plaintiff is entitled to damages and AET is held liable or caused to make payment for such, the decedent's death resulted in whole or in part from the negligence, gross negligence and/or lack of care or other wrongful act on the part of the SHPA, or their agents, employees or subcontractors.

51. As a result of the foregoing, AET is entitled to contribution and/or indemnity from SHPA for any loss or damage which AET may sustain together with reasonable attorney's fees and expenses.

52. In light of the foregoing, the SHPA should be adjudged directly liable to Plaintiff pursuant to Fed.R.Civ.P. 14(c) and they must therefore defend themselves against the claims of the Plaintiff as if they were made defendants in this action originally.

## FOURTH CAUSE OF ACTION

53. AET repeats and realleges each and every allegation contained in paragraphs 1 to 52 above with the same force and effect as if fully set forth herein.

54. As the sole party to have trained and instructed Pilot Murray in the practice and procedure for embarking and disembarking vessels as a pilot at the pilot state for the port of New

582333.1

York and New Jersey, the SHPA had a duty to competently and properly train Pilot Murray in the risks and dangers of embarking and debarking a vessel.

55. The SHPA failed to comply with its legal duty to train and instruct its pilots by failing to adopt policies, procedures, training, and continuing education, and periodic evaluation to ensure proper and safe climbing of the vessel and the risks associated with doing so. Such negligence was a proximate cause of Pilot Murray's death.

56. While denying any liability for damages to Plaintiff resulting from the death of the decedent, if the Plaintiff is entitled to damages and AET is held liable or caused to make payment for such, the decedent's death resulted in whole or in part from the negligence, gross negligence and/or lack of care or other wrongful act on the part of the SHPA, or their agents, employees or subcontractors.

57. As a result of the foregoing, AET is entitled to contribution and/or indemnity from SHPA for any loss or damage which AET may sustain together with reasonable attorney's fees and expenses.

58. In light of the foregoing, the SHPA should be adjudged directly liable to Plaintiff pursuant to Fed.R.Civ.P. 14(c) and they must therefore defend themselves against the claims of the Plaintiff as if they were made defendants in this action originally.

**WHEREFORE,** while denying any liability for damages to Plaintiff, AET respectfully requests:

1) That this court enter judgment in its favor and against Plaintiff, dismissing the Verified Amended Complaint, together with the costs and attorneys' fees and for such other and further relief as this court may deem just and proper.

2)      That the Third Party Defendants SHPA and the M/V NEW JERSEY *in rem* and M/V AMERICA *in rem*, answer the Verified Third Party Complaint and pursuant to Fed.R.Civ.P. 12, answer the Complaint of the Plaintiff as if they were made defendants in the action originally in accordance with Rule 14(c);

3)      That AET be granted indemnification and/or contribution for any settlement or judgment that is rendered against it in favor of the Plaintiff;

4)      That AET be granted costs, expenses and attorney's fees incurred in the defense of this action; and

5)      That this Honorable Court issue process in due form of law according to practice of this court in matters of admiralty and maritime jurisdiction against Defendant vessels M/V NEW JERSEY, her engines, tackle, apparel, furniture, equipment, rigging and all necessaries appurtenant thereto and M/V AMERICA, her engines, tackle, apparel, furniture, equipment, rigging and all necessaries appurtenant thereto and cite all persons having or claiming to have any interest therein to appear and answer this Verified Amended Third Party Complaint and enter judgment in favor of AET for the full amount of damages for which AET is held liable together with interest, costs and attorney's fees and order the M/V NEW JERSEY and M/V AMERICA condemned and sold to pay its debts;

6)      That the Court grant such other, further, and different relief as this Court deem just and proper under the circumstances.

Dated:  New York, NY
        January 10, 2023

                              FREEHILL, HOGAN & MAHAR LLP
                              *Attorneys for Defendant AET INC. LTD.*

By: _____
                              Thomas M. Canevari, Esq.
                              Eric J. Matheson, Esq.
                              80 Pine Street
                              New York, NY 10005
                              Tel: (212) 425-1900 / Fax: (212) 425-1901
                              Email:  canevari@freehill.com
                              Email:  matheson@freehill.com

TO:    Jacob Shisha, Esq.
         Ralph J. Mellusi, Esq.
        TABAK, MELLUSI & SHISHA LLP
        29 Broadway, Suite 2400
        New York, NY 10006-3267
        *Attorneys for Plaintiff*

        Matthew Vitucci, Esq.
        Richard Gonzalez, Esq.
        GALLO VITUCCI KLAR LLP
        90 Broad Street, 12th Floor
        New York, NY 10004
        *Attorneys for Plaintiff*

        Gerard W. White, Esq. (via E-Mail)
        HILL RIVKINS LLP
        45 Broadway, Suite 2110
        New York, NY 10006
        *Attorneys for SHPA*

582333.1

## ATTORNEY VERIFICATION

State of New York )
) ss.:
County of New York )

Thomas M. Canevari, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Third Party Complaint against Sandy Hook Pilots Association Pursuant to Fed.R.Civ.P. 14(c) and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Thomas M. Canevari

Sworn to before me this
10th day of January, 2023.

_____
Notary Public
YAAKOV U. ADLER
Notary Public, State of New York
No. 02AD6349134
Qualified in New York County
Commission Expires October 11, 2024

14

582333.1