Gerard W. White, Esq.
Joseph Staph, Esq.
Dalton Luke, Esq.
HILL RIVKINS LLP
Attorneys for Third-Party Defendants
United New York Sandy Hook Pilots' Association
United New Jersey Sandy Hook Pilots' Association
United New York Sandy Hook Pilots' Benevolent Association
United New Jersey Sandy Hook Pilots' Benevolent Association

45 Broadway, Suite 2110
New York, NY 10006
Telephone: (212) 669-0606
gwhite@hillrivkins.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
ERIN F. MURRAY, as Executrix and Personal
Representative of the Estate of
TIMOTHY M. MURRAY,

                          Plaintiff,

    -  against  -

AET INC. LTD. *in personam* and the
M/V EAGLE TURIN, *in rem*,

                         Defendants,

    -  against  -

United New York Sandy Hook Pilots
Association; United New Jersey Sandy
Hook Pilots Association; United New Jersey
Sandy Hook Benevolent Association,
United New York Sandy Hook
Benevolent Association; Pilot Vessel NEW
JERSEY *in rem,* Pilot Launch AMERICA *in rem*

                Third-Party Defendants.
-----------------------------------------------------------x

Civil No.: 1:21 Civ. 03360 (TMR)

**THIRD-PARTY DEFENDANTS'
ANSWER TO
PLAINTIFF'S SECOND VERIFIED
AMENDED COMPLAINT PURSUANT
TO FRCP RULE 14 (c )**

Third-Party Defendants, United New York Sandy Hook Pilots' Association, United New Jersey Sandy Hook Pilots' Association, United New Jersey Sandy Hook Pilots' Benevolent Association (improperly named as United New Jersey Sandy Hook Benevolent Association), and United New York Sandy Hook Pilots' Benevolent Association (improperly named as United New York Sandy Hook Benevolent Association), collectively, "SHP" and/or "Third Party Defendants", pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure by and through their attorneys HILL RIVKINS LLP, as and for its Answer to Plaintiff's Second Verified Amended Complaint, state as follows:

### Jurisdiction and Venue

1. The allegations set forth in Paragraph 1 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required. To the extent that any response may be required, SHP admit that the claims and causes of action occurred on navigable waters and in admiralty and that the Death on the High Seas Act ("DOHSA"), 46 U.S.C. §30301, et. seq. applies to the facts of this case, but otherwise deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 1 of the Second Verified Amended Complaint.

2. SHP denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Second Verified Amended Complaint.

3. SHP admits that at the time of the incident the MT EAGLE TURIN was more than 3 nautical miles from land, but except as admitted, denies the remaining allegations in paragraph 3 of the Second Verified Amended Complaint.

4. The allegations set forth in Paragraph 4 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required. SHP has no knowledge or

2

information sufficient to form a belief as to whether any Letter of Undertaking ("LOU") was issued on behalf of the vessel or the terms and/or conditions of said LOU.

## The Parties

5. SHP admits the allegations set forth in Paragraph 5 of the Second Verified Amended Complaint.

6. SHP admits that Captain Murray was a licensed pilot and a member of the United New York Sandy Hook Pilots' Benevolent Association, but otherwise denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the Second Verified Amended Complaint.

7. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Second Verified Amended Complaint.

8. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Second Verified Amended Complaint.

9. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Second Verified Amended Complaint.

10. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Second Verified Amended Complaint.

11. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Second Verified Amended Complaint.

12. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Second Verified Amended Complaint.

13. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Second Verified Amended Complaint.

14. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Second Verified Amended Complaint.

15. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Second Verified Amended Complaint.

16. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Second Verified Amended Complaint.

17. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Second Verified Amended Complaint.

18. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Second Verified Amended Complaint.

**Background on Piloting**

19. SHP denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the Second Verified Amended Complaint.

20. SHP admits that at the time of the incident Captain Murray was a licensed pilot and a member of the United New York Sandy Hook Pilots' Benevolent Association and denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the Second Verified Amended Complaint.

21. SHP admits the allegations set forth in Paragraph 21 of the Second Verified Amended Complaint.

22. SHP denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the Second Verified Amended Complaint.

23. SHP denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23 of the Second Verified Amended Complaint.

4

24. SHP denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24 of the Second Verified Amended Complaint.

25. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Second Verified Amended Complaint.

26. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Second Verified Amended Complaint.

### The Hazards of Climbing Pilot ladders

27. SHP denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27 of the Second Verified Amended Complaint.

28. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Second Verified Amended Complaint.

29. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Second Verified Amended Complaint.

30. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Second Verified Amended Complaint.

### International Regulation of Pilot Transfer Arrangements

31. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Second Verified Amended Complaint.

32. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Second Verified Amended Complaint.

33. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Second Verified Amended Complaint.

### The Pilot Line a/k/a 'Pilot Mark'

34. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Second Verified Amended Complaint.

35. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Second Verified Amended Complaint.

36. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Second Verified Amended Complaint.

37. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Second Verified Amended Complaint.

38. The allegations set forth in Paragraph 38 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required.

39. The allegations set forth in Paragraph 39 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required.

40. The allegations set forth in Paragraph 40 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required.

41. The allegations set forth in Paragraph 41 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required.

42. The allegations set forth in Paragraph 42 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required.

43. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Second Verified Amended Complaint.

44. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Second Verified Amended Complaint.

**Safe, Convenient, Unobstructed Passage to
the Point of Access on the Vessel**

45. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Second Verified Amended Complaint.

46. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Second Verified Amended Complaint.

47. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Second Verified Amended Complaint.

48. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Second Verified Amended Complaint.

49. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Second Verified Amended Complaint.

50. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Second Verified Amended Complaint.

51. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of the Second Verified Amended Complaint.

52. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of the Second Verified Amended Complaint.

53. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of the Second Verified Amended Complaint.

54. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of the Second Verified Amended Complaint.

55. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Second Verified Amended Complaint.

56. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of the Second Verified Amended Complaint.

57. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of the Second Verified Amended Complaint.

58. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of the Second Verified Amended Complaint.

## U.S. Coast Guard Marine Casualty Investigation

59. The allegations set forth in Paragraph 59 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of the Second Verified Amended Complaint.

60. The allegations set forth in Paragraph 60 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of the Second Verified Amended Complaint.

61. The allegations set forth in Paragraph 61 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of the Second Verified Amended Complaint.

62. The allegations set forth in Paragraph 62 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of the Second Verified Amended Complaint.

63. The allegations set forth in Paragraph 63 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of the Second Verified Amended Complaint.

64. The allegations set forth in Paragraph 64 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of the Second Verified Amended Complaint.

65. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of the Second Verified Amended Complaint.

66. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of the Second Verified Amended Complaint.

67. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of the Second Verified Amended Complaint.

68. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of the Second Verified Amended Complaint.

69. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69 of the Second Verified Amended Complaint.

### The Role of the Responsible Officer on Deck

70. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of the Second Verified Amended Complaint.

71. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of the Second Verified Amended Complaint.

72.  SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 (a), (b), (c), (d), (e), (f), and (g) of the Second Verified Amended Complaint.

73.  SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of the Second Verified Amended Complaint.

74.  SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of the Second Verified Amended Complaint.

### Fall Arrest System (i.e. Fall Protection Gear)

75.  SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 of the Second Verified Amended Complaint.

76.  SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of the Second Verified Amended Complaint.

77.  SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 of the Second Verified Amended Complaint.

78.  SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of the Second Verified Amended Complaint.

79.  SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79 of the Second Verified Amended Complaint.

80.  SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of the Second Verified Amended Complaint.

### Fall, Transfer and Death

81.  SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of the Second Verified Amended Complaint.

82. SHP admits the allegations contained in Paragraph 82 of the Second Verified Amended Complaint.

83. SHP admits the allegations contained in Paragraph 83 of the Second Verified Amended Complaint.

84. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84 of the Second Verified Amended Complaint.

### FIRST CAUSE OF ACTION FOR WRONGFUL DEATH ALLEGING UNSEAWORTHINESS AND UNSEAWORTHINESS PER SE UNDER DOHSA

85. Third-Party Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 84 with the same force and effect as if they were fully set forth herein.

86. The allegations set forth in Paragraph 86 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required. SHP admits that the decedent was a compulsory pilot and independent contractor, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 86 of the Second Verified Amended Complaint.

87. The allegations set forth in Paragraph 87 of the Second Verified Amended Complaint are Conclusions of Law to which no response is required.

88. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88, a. to r. of the Second Verified Amended Complaint.

89. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 89 of the Second Verified Amended Complaint.

90. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 90 of the Second Verified Amended Complaint.

91. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 91 of the Second Verified Amended Complaint.

92. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 of the Second Verified Amended Complaint.

93. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 93 of the Second Verified Amended Complaint.

### SECOND CAUSE OF ACTION FOR WRONGFUL DEATH ALLEGING NEGLIGENCE AND NEGLIGENCE PER SE UNDER DOHSA

94. Third-Party Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 93 with the same force and effect as if they were fully set forth herein.

95. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 95 of the Second Verified Amended Complaint.

96. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 96 of the Second Verified Amended Complaint.

97. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 97 of the Second Verified Amended Complaint.

### THIRD CAUSE OF ACTION *IN REM* AGAINST THE EAGLE TURIN ALLEGING NEGLIGENCE, NEGLIGENCE PER SE, UNSEAWORTHINESS, UNSEAWORTHINESS PER SE CAUSES OF ACTION FOR WRONGFUL DEATH UNDER DOHSA

98. Third-Party Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 97 with the same force and effect as if they were fully set forth herein.

99. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 99 of the Second Verified Amended Complaint.

100. SHP denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 100 of the Second Verified Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

101. The Third-Party Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

102. The Court has no subject matter jurisdiction in diversity pursuant to 28 U.S.C. §1332, as this case falls within the admiralty jurisdiction of this Court under the Death on the High Seas Act, 46 U.S.C. §30303, *et. seq.*

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

103. Plaintiff is not entitled to bring a survival action pursuant to the Death on the High Seas Act, 46 U.S.C. §30303, *et seq.*

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

104. Plaintiff is not entitled to a jury trial of the issues in this case.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

105. Any recovery by Plaintiff must be reduced by the comparative negligence of Plaintiff's Decedent or any other fault that was causative of his death.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

106. Plaintiff lacks standing to bring some or all of the claims in this matter.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

107. Plaintiff's Decedent was not a Sieracki Seaman and was not entitled to the warranty of seaworthiness.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

108. This matter is governed by the Longshore & Harbor Workers' Compensation Act, 33 U.S.C. §901, *et seq.*

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

109. Plaintiff's Decedent was a Kermarec invitee on the vessel and Defendant's duties were limited in accordance with this status.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

110. The intervening and/or superseding cause of Decedent's fall was his physical and/or medical condition.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

111. Decedent's injuries were brought about by the sole negligence of another party and not answering defendants.

WHEREFORE, Answering Third-Party Defendants respectfully request that this court enter judgment in their favor and against Plaintiff, dismissing the Second Verified Amended Complaint, together with the costs and attorneys' fees and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        February 22, 2023

HILL RIVKINS LLP
Attorneys for Third Party Defendants

By: _____
    Gerard W. White
    Joseph Staph
    Dalton Luke

45 Broadway, Suite 2110
New York, NY 10006
Tel.: 212-669-0606
gwhite@hillrivkins.com

TO:    TABAK, MELLUSI & SHISHA LLP
    Attorneys for Plaintiff
    29 Broadway
    New York, NY 10006
    Attn:  Jake Shisha, Esq.
           Ralph M. Mellusi, Esq.

    Freehill Hogan & Mahar LLP
    Attorneys for Defendant and Third-Party Plaintiff
    80 Pine Street, 25th Floor
    New York, NY 10005
    Attn:  Thomas M. Canevari, Esq.
           Eric J. Matheson, Esq.

## ATTORNEY VERIFICATION

STATE OF NEW YORK   )
                    ) ss:                         1:21-cv-03360 (TMR)
COUNTY OF NEW YORK )

**Gerard W. White**, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Hill Rivkins LLP, attorneys for Third-Party Defendants.

2. I have read the foregoing Third-Party Defendants' Answer Pursuant to FRCP Rule 14(c) to Plaintiff's Second Verified Amended Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

3. The sources of my information and the grounds for my belief are communications, information and documentation provided by our clients.

4. The reason this Verification is made by an attorney and not by the Third Party Defendants is because the Third-Party Defendants and its officers are not presently within this Judicial District.

_____
Gerard W. White

Sworn to before me this
22rd day of February 2023.

_____
Notary Public

FREDELINE BERNARD
Notary Public, State of New York
No. 01BE6411809
Qualified in Kings County
Commission Expires November 30, 2024

16

## CERTIFICATION

I hereby certify that on February 24, 2023, the within Answer to Plaintiff's Second Verified Amended Complaint was served upon counsel for Plaintiff and Counsel for Third Party Plaintiffs via ECF and by forwarding same by First Class Mail to their offices at:

TABAK, MELLUSI & SHISHA LLP
Attorneys for Plaintiff
29 Broadway
New York, NY 10006
Attn:   Jake Shisha, Esq.
        Ralph M. Mellusi, Esq.

Freehill Hogan & Mahar LLP
Attorneys for Defendant and Third-Party Plaintiff
80 Pine Street, 25th Floor
New York, NY 10005
Attn:   Thomas M. Canevari, Esq.
        Eric J. Matheson, Esq.

_____
Gerard W. White

34985 Eagle Turin\Answer\Third Party Defs Amended Answer to P Second Amended Complaint