Gerard W. White, Esq.
Joseph Staph, Esq.
Dalton Luke, Esq.
HILL RIVKINS LLP
Attorneys for Third-Party Defendants
United New York Sandy Hook Pilots' Association
United New Jersey Sandy Hook Pilots' Association
United New York Sandy Hook Pilots' Benevolent Association
United New Jersey Sandy Hook Pilots' Benevolent Association

45 Broadway, Suite 2110
New York, NY 10006
Telephone: (212) 669-0606
gwhite@hillrivkins.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ERIN F. MURRAY, as Executrix and Personal
Representative of the Estate of
TIMOTHY M. MURRAY,

                             Plaintiff,

       -   against  -

AET INC. LTD. *in personam* and the
M/V EAGLE TURIN, *in rem.*

                           Defendants,

       -   against -

United New York Sandy Hook Pilots
Association; United New Jersey Sandy
Hook Pilots Association; United New Jersey
Sandy Hook Benevolent Association,
United New York Sandy Hook
Benevolent Association; Pilot Vessel NEW
JERSEY *in rem,* Pilot Launch AMERICA *in rem*

              Third-Party Defendants.
-------------------------------------------------------------x

Civil No.: 1:21 Civ. 03360 (TMR)

**THIRD-PARTY DEFENDANTS'
ANSWER TO VERIFIED
THIRD-PARTY COMPLAINT WITH
COUNTERCLAIM_____**

Third-Party Defendants, United New York Sandy Hook Pilots' Association; United New Jersey Sandy Hook Pilots' Association, United New Jersey Sandy Hook Pilots' Benevolent Association, improperly named as United New Jersey Sandy Hook Benevolent Association, United New York Sandy Hook Pilots' Benevolent Association, improperly named as United New York Sandy Hook Benevolent Association, Pilot Vessel NEW JERSEY, *in rem,* Pilot Launch AMERICA, *in rem,* collectively, "SHP", by and through their attorneys HILL RIVKINS LLP, as and for its Answer to the Verified Third-Party Complaint, state as follows:

## JURISDICTION AND PARTIES

1. Third-Party Defendants SHP admit the allegations contained in Paragraph 1 of the Verified Third-Party Complaint.

2. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Verified Third-Party Complaint.

3. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Verified Third-Party Complaint.

4. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Verified Third-Party Complaint.

5. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Verified Third-Party Complaint.

6. Third-Party Defendants SHP deny the allegations contained in Paragraph 6 of the Verified Third-Party Complaint.

7. Third-Party Defendants SHP deny the allegations contained in Paragraph 7 of the Verified Third-Party Complaint.

2

8.  Third-Party Defendants SHP admit the allegations contained in Paragraph 8 of the Verified Third-Party Complaint.

9.  Third-Party Defendants SHP admit the allegations contained in Paragraph 9 of the Verified Third-Party Complaint.

10.  Third-Party Defendants SHP deny the allegations contained in Paragraph 10 of the Verified Third-Party Complaint.

11.  Third-Party Defendants SHP deny the allegations contained in Paragraph 11 of the Verified Third-Party Complaint.

12.  Third-Party Defendants SHP deny the allegations contained in Paragraph 12 of the Verified Third-Party Complaint.

13.  Third-Party Defendants SHP deny the allegations contained in Paragraph 13 of the Verified Third-Party Complaint.

14.  Third-Party Defendants SHP deny the allegations contained in Paragraph 14 of the Verified Third-Party Complaint.

15.  Third-Party Defendants SHP deny the allegations contained in Paragraph 15 of the Verified Third-Party Complaint.

16.  Third-Party Defendants SHP deny the allegations contained in Paragraph 16 of the Verified Third-Party Complaint.

17.  Third-Party Defendants SHP admit that the pilot vessel NEW JERSEY is a commercial vessel, that it is owned and operated by the United New York Sandy Hook Pilots' Association and the United New Jersey Sandy Hook Pilots' Association and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 of the Verified Third-Party Complaint.

3

18.  Third-Party Defendants SHP admit that the Launch AMERICA is a commercial vessel, that it is owned and operated by the United New York Sandy Hook Pilots' Association and the United New Jersey Sandy Hook Pilots' Association and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 18 of the Verified Third-Party Complaint.

## PLAINTIFF'S COMPLAINT

19.  No response to the statement set forth in Paragraph 19 of the Verified Third-Party Complaint is required of Answering Third-Party Defendants.

20.  No response to the statement set forth in Paragraph 20 of the Verified Third-Party Complaint is required of Answering Third-Party Defendants.

21.  Third-Party Defendants SHP admit the allegations contained in Paragraph 21 of the Verified Third-Party Complaint.

22.  Third-Party Defendants SHP admit that Captain Timothy F. Murray was a licensed pilot and a member of the United New York Sandy Hook Pilots' Benevolent Association and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Verified Third-Party Complaint.

23.  Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Verified Third-Party Complaint.

24.  Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Verified Third-Party Complaint.

25. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Verified Third-Party Complaint.

26. Third-Party Defendants SHP deny the allegations contained in Paragraph 26 of the Verified Third-Party Complaint.

27. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Verified Third-Party Complaint.

28. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Verified Third-Party Complaint.

29. Third-Party Defendants SHP admit the allegations contained in Paragraph 29 of the Verified Third-Party Complaint.

30. The allegations set forth in Paragraph 30 of the Verified Third-Party Complaint are Conclusions of Law to which no response is required.

## FIRST CAUSE OF ACTION

31. Third-Party Defendants SHP repeat and reallege each and every allegation contained in paragraphs 1 through 30 above with the same force and effect as if fully set forth herein.

32. Third-Party Defendants SHP deny the allegations contained in Paragraph 32 of the Verified Third-Party Complaint.

33. Third-Party Defendants SHP deny the allegations contained in Paragraph 33 of the Verified Third-Party Complaint.

34. Third-Party Defendants SHP deny the allegations contained in Paragraph 34 of the Verified Third-Party Complaint.

35. Third-Party Defendants SHP deny the allegations contained in Paragraph 35 of the Verified Third-Party Complaint.

36. Third-Party Defendants SHP deny the allegations contained in Paragraph 36 of the Verified Third-Party Complaint.

## SECOND CAUSE OF ACTION

37. Third-Party Defendants SHP repeat and reallege each and every allegation contained in Paragraphs 1 through 36 above with the same force and effect as if fully set forth herein at length.

38. Third-Party Defendants SHP deny the allegations contained in Paragraph 38 of the Verified Third-Party Complaint.

39. Third-Party Defendants SHP deny the allegations contained in Paragraph 39 of the Verified Third-Party Complaint.

40. Third-Party Defendants SHP deny the allegations contained in Paragraph 40 of the Verified Third-Party Complaint.

41. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Verified Third-Party Complaint.

42. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Verified Third-Party Complaint.

43. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Verified Third-Party Complaint.

44. Third-Party Defendants SHP deny the allegations contained in Paragraph 44 of the Verified Third-Party Complaint.

45. Third-Party Defendants SHP deny the allegations contained in Paragraph 45 of the Verified Third-Party Complaint.

46. Third-Party Defendants SHP deny the allegations contained in Paragraph 46 of the Verified Third-Party Complaint.

## THIRD CAUSE OF ACTION

47. Third-Party Defendants SHP repeat and reallege each and every allegation contained in Paragraphs 1 through 46 above with the same force and effect as if fully set forth herein at length.

48. Third-Party Defendants SHP deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Verified Third-Party Complaint.

49. Third-Party Defendants SHP deny the allegations contained in Paragraph 49 of the Verified Third-Party Complaint.

50. Third-Party Defendants SHP deny the allegations contained in Paragraph 50 of the Verified Third-Party Complaint.

51. Third-Party Defendants SHP deny the allegations contained in Paragraph 51 of the Verified Third-Party Complaint.

52. Third-Party Defendants SHP deny the allegations contained in Paragraph 52 of the Verified Third-Party Complaint.

## FOURTH CAUSE OF ACTION

53. Third-Party Defendants SHP repeat and reallege each and every allegation contained in Paragraphs 1 through 52 above with the same force and effect as if fully set forth herein.

54. Third-Party Defendants SHP deny the allegations contained in Paragraph 54 of the Verified Third-Party Complaint.

55. Third-Party Defendants SHP deny the allegations contained in Paragraph 55 of the Verified Third-Party Complaint.

56. Third-Party Defendants SHP deny the allegations contained in Paragraph 56 of the Verified Third-Party Complaint.

57. Third-Party Defendants SHP deny the allegations contained in Paragraph 57 of the Verified Third-Party Complaint.

58. Third-Party Defendants SHP deny the allegations contained in Paragraph 58 of the Verified Third-Party Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

59. The Third-Party Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

60. Third Party Plaintiffs failed to properly name the United New York Sandy Hook Pilots' Benevolent Association and the United New Jersey Sandy Hook Pilots' Association as Third Party Defendants' in the action, and failed to properly effect service of process in order to obtain personal jurisdiction over these entities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

61. Third Party Plaintiffs have failed to obtain personal jurisdiction over the Pilot Boat NEW JERSEY and the Launch AMERICA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

62. At all times material to the allegations set forth in Plaintiff's Second Amended Complaint as well as the Third Party Complaint, Captain Timothy Murray was an independent contractor, whose training, licensing, qualification and work as a pilot were governed by the requirements set forth by the United States Coast Guard and federal law, the state of New York and the rules and regulations of the Board of Commissioners of Pilots of the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

63. Third Party Plaintiffs failed to join indispensable parties responsible for the incident complained of, including but not limited to, the training of Captain Murray, setting medical standards for the renewal of federal and state pilot licenses,

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

64. SHP did not owe any duty to AET INC. LTD., the M/V EAGLE TURIN, and/or Captain Murray to assess his or any other pilot's medical fitness because such criteria is determined by the standards and license requirements of the United States Coast Guard and/or the States of New York and New Jersey.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

65. The M/V EAGLE TURIN was unseaworthy at the time of the incident, in that the physical arrangements for pilot boarding were not compliant with industry standards, classification standards, the International Safety Management System, and such unseaworthiness was the proximate cause of Captain Murray's death.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. The incident and fatality complained of were not due to the fault or neglect of SHP, the vessels, NEW JERSEY or AMERICA, their agents, employees or crewmembers, or by any unseaworthy conditions aboard the Pilot Boat NEW JERSEY or the launch M/V AMERICA, which at all times mentioned in the Third-Party Complaint were and are entirely seaworthy, properly equipped and manned by a trained, capable and competent crew.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

67. The United New York Sandy Hook Pilots' Association and United New Jersey Sandy Hook Pilots' Association, claim the benefits of the Limitation of Liability Act, 46 U.S.C.

§§30501 *et seq.* for claims asserted against the pilot boat NEW JERSEY and the launch AMERICA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68.  SHP asserts the benefit of any limitation of liability provisions by statute, contract or otherwise in connection with pilotage services rendered by a Sandy Hook Pilot to AET INC., LTD. and/or the M/V EAGLE TURIN.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69.  The claims against SHP are barred by the maritime doctrine of laches.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

SHP reserves the right to assert any additional affirmative defenses as may be warranted based upon the facts and issues disclosed during the course of additional investigation and discovery and reserve the right to Amend this Answer as necessary.

## AS AND FOR A COUNTERCLAIM AGAINST DEFENDANTS, AET INC. LTD. AND THE M/V EAGLE TURIN, IN REM

70.  SHP repeats and realleges each and every answer to the allegations set forth in Paragraphs 1 through 65 above with the same force and effect as if fully set forth herein.

## PARTIES

71.  At all times relevant to the allegations set forth in Third Party Complaint, the United New York Sandy Hook Pilots' Association was and is a corporation existing under law with an office and place of business at 201 Edgewater Street, Staten Island, New York 10305.

72.  At all times relevant to the allegations set forth in the Third Party Complaint, the United New Jersey Sandy Hook Pilots' Association was and is a corporation existing under law with an office and place of business at 201 Edgewater Street, Staten Island, New York 10305.

10

73. The United New York Sandy Hook Pilots' Association and the United New Jersey Sandy Hook Pilots' Association are the owners of the Pilot Boat, NEW JERSEY and the Launch, AMERICA.

74. At all times relevant to the allegations set forth in Third Party Complaint, the United New York Sandy Hook Pilots' Benevolent Association is an unincorporated association existing under law with an office and place of business at 201 Edgewater Street, Staten Island, New York 10305.

75. At all times relevant to the allegations set forth in the Third Party Complaint, the United New Jersey Sandy Hook Pilots' Benevolent Association is an unincorporated association existing under law with an office and place of business at 201 Edgewater Street, Staten Island, New York 10305.

## **DECEDENT**

76. Decedent, Captain Timothy M. Murray was a member of the United New York Sandy Hook Pilots' Association and duly licensed by the United States Coast Guard and the state of New York.

77. This is a case of admiralty and maritime jurisdiction, as hereafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## **THIRD PARTY PLAINTIFFS**

78. At all times relevant to the allegations set forth in Plaintiff's Second Verified Amended Complaint and in the Third-Party Complaint, AET INC., LTD. was the owner and/or operator of the M/V EAGLE TURIN, *in rem.*

11

79. AET Inc. Ltd. is a foreign corporation formed under the laws of Bermuda with its registered office in Bermuda at Cumberland House, 1, Victoria Street, Hamilton, HM 11, Bermuda.

80. At all times material to the allegations set forth herein, AET Inc. Ltd., in engaged in the business of transporting bulk liquids by sea including but not limited to calls at ports in the United States.

81. At all times material to the allegations set forth herein, AET Inc. Ltd. commercially managed and controlled the vessel EAGLE TURIN on August 5, 2020 when Captain Murray was killed.

82. At all times material to the allegations set forth herein, AET Inc. Ltd. was the owner of the EAGLE TURIN,  and managed, operated, and/or controlled the EAGLE TURIN.

83. At all times material to the allegations set forth herein, AET Inc. Ltd. was the ISM Manager of the EAGLE TURIN, and hired its Master, officers and crew.

## ALLEGATIONS

84. The M/V EAGLE TURIN, its officers and crew, were improperly trained in procedures and safety precautions to be taken with the boarding of pilots and were negligent and otherwise failed to properly deploy the pilot ladder that was used by Captain Murray, to render assistance to him as he boarded the vessel, to adequately communicate between the deck watch and the bridge, and such other acts and omissions that will be determined during discovery in the action.

85. AET INC., LTD. failed to ensure that its pilot boarding arrangements satisfied requirements for the boarding of pilots in the Port of New York / New Jersey, to satisfy

international guidelines, classification rules, safety guidelines, industry standards and/or its safety management system.

86. The acts and/or omissions of AET Inc., Ltd were set forth in the Second Verified Amended Complaint, filed by the Estate of Timothy M. Murray, which is incorporated into this counterclaim.

87. The acts and/or omissions of Defendants' AET Inc. Ltd. and the MV EAGLE TURIN, in rem., resulted in the death of Captain Murray and the filing of the Third Party Complaint pursuant to FRCP 14(c ) alleging that SHP was negligent or otherwise responsible for Captain Murray's death, which is expressly denied.

88. The death of Captain Murry was caused wholly or in party by the negligence of AET INC., LTD. and the M/V EAGLE TURIN, *in rem* and not due to any fault, omission, negligence, breach of contract or breach of warranty on the part of Third Party Defendants, SHP.

89. By reason of the premises, to the extent Plaintiff has sustained losses, SHP hereby asserts its claim for express and implied indemnity and/or part or full contribution from AET INC. LTD. and the M/V EAGLE TURIN, *in rem*, for such sums, together with the expenses, including but not limited to attorneys' fees and costs, and interest, incurred by SHP in defending said claims and/or pursing recovery from AET INC., LTD. and the M/V EAGLE TURIN.

WHEREFORE, Answering Third-Party Defendants SHP demand judgment dismissing the Third-Party Complaint together with the costs and interests, the costs and attorneys' fees in defense of the action and for such other and further relief as this court may deem just and proper under the circumstance.

Dated: New York, New York
      February 24, 2023

HILL RIVKINS LLP
Attorneys for Third Party Defendants

By: _____
Gerard W. White
Joseph Staph
Dalton Luke

45 Broadway, Suite 2110
New York, NY 10006
Tel.: 212-669-0606
gwhite@hillrivkins.com


TO:   TABAK, MELLUSI & SHISHA LLP
Attorneys for Plaintiff
29 Broadway
New York, NY 10006
Attn:  Jake Shisha, Esq.
       Ralph M. Mellusi, Esq.

GALLO VITUCCI KLAR LLP
Attorneys for Plaintiff
90 Broad Street, 12th Floor
New York NY 10004
Attn:  Matthew Vitucci, Esq.
       Richard Gonzalez, Esq.

FREEHILL HOGAN AND MAHAR, LLP
Attorneys for Defendant and Thitd-Party Plaintiff
80 Pine Street, 25th Floor
New York, NY 10005
Attn:  Thomas M. Canevari, Esq. / Eric J. Matheson, Esq.

14

## ATTORNEY VERIFICATION

**STATE OF NEW YORK**   )
                             ) ss:
**COUNTY OF NEW YORK** )

       **Gerard W. White**, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Hill Rivkins LLP, attorneys for Third-Party

     Defendants.

2. I have read the foregoing <u>Third-Party Defendants' Answer to the Verified Third-Party</u>

     <u>Complaint with Counterclaim</u>, and know the contents thereof, and the same is true to the

     best of my knowledge, information and belief.

3. The sources of my information and the grounds for my belief are communications,

     information and documentation provided by our client.

4. The reason this Verification is made by an attorney and not by the Plaintiff is because the

     Third-Party Defendants and it officers are not presently within this Judicial District.

_____
Gerard W. White

Sworn to before me this
23rd day of February 2023.

_____
Notary Public

ERNESTO V. LUZZATTO
Notary Public, State of New York
No. 30-02LU4610988
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires May 31, 20__

- 15 -

## CERTIFICATION

I hereby certify that on February 24, 2023, the within Answer to Verified Third-Party

Complaint was served upon counsel for all counsel of record via ECF and by forwarding same

by First Class Mail to their offices at:

TABAK, MELLUSI & SHISHA LLP
Attorneys for Plaintiff
29 Broadway
New York, NY 10006
Attn:   Jake Shisha, Esq.
        Ralph M. Mellusi, Esq.

GALLO VITUCCI KLAR LLP
Attorneys for Plaintiff
90 Broad Street, 12th Floor
New York NY 10004
Attn:   Matthew Vitucci, Esq.
        Richard Gonzalez, Esq.

FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendant and Third-Party Plaintiff
80 Pine Street, 25th Floor
New York, NY 10005
Attn:   Thomas M. Canevari, Esq.
        Eric J. Matheson, Esq.

Gerard W. White

34985 Eagle Turin\Answer\Third Party Defs Answer to Third Party Complaint

16